IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES BOLTON, | § | |
| | § | No. 405, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1701006341 (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 16, 2018
Decided:   April 6, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

This 6th day of April 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response and motion to remand, it appears to the Court that:

(1)    The appellant, Charles Bolton, pleaded guilty to one count of vehicular assault in the second degree.  Following a presentence investigation ("PSI"), the Superior Court sentenced Bolton to one year at Level V incarceration, to be suspended after serving thirty days in prison for one year of Level II probation.  This is Bolton's direct appeal.

(2)    Bolton's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Bolton's counsel asserts that, after a complete and careful

examination of the record, there are no arguably appealable issues. Nonetheless, counsel points out that the Superior Court, in sentencing Bolton, relied on erroneous information contained in the PSI report in finding that Bolton had a 2015 conviction for DUI in Maryland.

(3) By letter, Bolton's attorney informed him of the provisions of Rule 26(c) and provided Bolton with a copy of the motion to withdraw and the accompanying brief. Bolton also was informed of his right to supplement his attorney's presentation. In his response to counsel's Rule 26(c) brief, Bolton's sole point relates to the Superior Court's reliance upon the incorrect information about him contained in the PSI. The State concedes that Bolton does not have a 2015 conviction for DUI in Maryland and that the Superior Court erred in relying upon that information as an aggravating factor in sentencing Bolton. The State requests that this Court affirm the Superior Court's judgment of conviction but remand the matter for resentencing.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at

2

least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5)    The sole issue raised by Bolton relates to the incorrect information relied upon by the Superior Court at sentencing.  The State concedes that the Superior Court erred by relying on this incorrect information at sentencing. We have reviewed the record carefully and agree that the matter should be remanded for resentencing.  We find no error with respect to Bolton's guilty plea and the Superior Court's judgment conviction for vehicular assault in the second degree.  Thus, we affirm Bolton's conviction but remand the matter for resentencing.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of conviction is AFFIRMED.  The matter is REMANDED for a new sentencing hearing in accordance with this Order.  The motion to withdraw is moot.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).